UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
STEVEN MICHAEL HARRIS,                )    08 CV 3477 (RWS)
                                      )
                Plaintiff,            )
                                      )
        - against -                   )
                                      )
SIMON & SCHUSTER, INC., and THE       )
McGRAW-HILL COMPANIES, INC.,          )
                                      )
                Defendants.           )
                                      )
                                      )
------------------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

WHEREAS, plaintiff Steven Michael Harris ("Harris" or "Plaintiff") and defendants SIMON & SCHUSTER, INC. ("S&S") and The McGRAW-HILL COMPANIES, INC. ("McGraw-Hill") (collectively, "Defendants") herein recognize that the exchange or disclosure of documents or information in the above-captioned action may involve confidential information (herein referred to as "Confidential Information") and that access to that Confidential Information should be restricted, and with respect to certain of that Confidential Information, access should be further designated "Confidential", "Attorneys Eyes Only" or "Highly Confidential";

WHEREAS, the parties recognize that the exchange or disclosure of certain Confidential Information prior to the commencement of discovery serves their mutual interests and may facilitate the resolution of their dispute and, should the action continue, may be disclosed in discovery; and

WHEREAS, the parties desire to maintain the confidentiality of such Confidential

Information and protect it from disclosure other than as expressly permitted by this stipulation; and

WHEREAS, the parties have agreed that Confidential Information shall be given the protection described below;

NOW, THEREFORE, the parties, by their undersigned attorneys of record, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate to the entry of a protective order as follows:

1. Any party may, in good faith, designate any document, material or information, including any transcript of testimony or portion thereof in this action, yet to be recorded, as "Confidential", "Attorneys Eyes Only" and/or "Highly Confidential" subject to the terms of this stipulation. Said designation may be accomplished by (i) providing written notice to the other party; (ii) making a statement to that effect on the record of any proceeding; or (iii) stamping the document, material, or information with the legend "CONFIDENTIAL", "ATTORNEYS EYES ONLY" and/or "HIGLY CONFIDENTIAL". On documents with multiple pages, each page where "Confidential", "Attorneys Eyes Only" or "Highly Confidential" material appears shall be separately stamped, unless the producing party represents that the entire document is "Confidential ", "Attorneys Eyes Only" or "Highly Confidential".

2. Information, whether or not designated, shall not be subject to any form of protection hereunder if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and

for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the written approval of the designating party.

3. All documents, material and information designated as "Confidential", "Attorneys Eyes Only" and/or "Highly Confidential", (including documents, material and information which discloses the content of any document, material or information designated as "Confidential", "Attorneys Eyes Only" and/or "Highly Confidential"), shall be Confidential Information and shall be used solely for purposes of this action and for no other purpose whatsoever. A person with custody of Confidential Information of any other person or entity shall maintain it in a manner that assures that access to it is strictly limited to persons entitled to receive said documents or information in accordance with the provisions of this stipulation.

4. The inadvertent production or disclosure of any Confidential Information without a "Confidential", "Attorneys Eyes Only" and/or "Highly Confidential" designation shall be without prejudice to the parties' rights under this stipulation, and the parties shall retain the right thereafter to designate such document, or information as confidential. Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection.

5. Any transcript of deposition testimony to be recorded in this action which concerns any Confidential Information designated as "Confidential", "Attorneys Eyes Only" or "Highly Confidential" shall be subject to the terms of this stipulation.

6. (a) Subject to paragraph 5(b) and 5(c) below, Confidential Information and documents shall not be disclosed to any person except:

   1. the parties hereto;

      2. witnesses or potential witnesses at any proceeding in this action;

      3. counsel including but not limited to in-house attorneys and their support staff assisting in the prosecution or defense of this action;

      4. court reporters;

      5. experts retained or formally consulted by the parties, whether or not ultimately called to testify in this action; and

      6. the Judge or Magistrate Judge.

  (b) "Attorneys Eyes Only" documents or information shall not be disclosed except to those persons identified in subparagraphs (3), (4), (5) and (6) hereinabove, without the express written consent of the designating party. Any documents or information designated "Attorneys Eyes Only" furnished to in-house attorneys shall be segregated by such attorneys so that access to such documents and information shall be restricted to lawyers and their immediate staff, at their respective companies.

  (c) "Highly Confidential" documents, which are understood to consist of versions and drafts of the standardized tests published by McGraw-Hill, certain information identifying the locales and/or circumstances under which such tests will be given in the future, and the identity of the person(s) that disclosed to Harris a copy of a California Achievement Test as alleged in the complaint in this action (the "Source"), may be disclosed and inspected only in the offices and presence of the producing party and/or its counsel, and the information contained therein shall not be disclosed to any person other than the producing party, except:

      1. outside counsel, but not in-house counsel, in this action; and

        2.      the Judge or Magistrate Judge;

without the express written consent of all parties hereto and/or pursuant to order of the Court in this action. Notwithstanding this provision, plaintiff's attorneys, and experts who agree to be bound by this order, may receive and review redacted versions of each of the tests in which "This is My Trunk" was used ("Redacted Tests"), in such redacted form as shall be mutually agreed upon by counsel; such Redacted Tests shall be designated Attorneys Eyes Only. Plaintiff's attorneys shall, at the conclusion of this litigation, return all copies of such Redacted Tests to defendant's counsel or certify the destruction of same. Nothing herein contained shall prevent counsel for Harris from revealing to Harris, in general terms, information furnished by McGraw Hill and designated Highly Confidential with respect to revenues and expenses attributable to said tests, as shall be necessary to evaluate any demands or offer with respect to settlement of this action.

        7.      Access to Confidential Information shall only be provided to those persons identified above who have been advised that such document or information is being disclosed pursuant to and subject to the terms of this stipulation, and may not be disclosed other than pursuant to the terms hereof; those persons identified in subparagraphs 5(a)(2) and (5) above shall sign an agreement (the form of which is attached hereto as Exhibit A) that Confidential Information provided to him or her will not be disclosed to any other person. Such signed agreements shall be retained by the party disclosing confidential documents or information to such persons and shall be provided to the other party to this agreement on a good faith showing of a reasonable belief that a violation of a term thereof has occurred.

        8.      The parties hereto agree that if any person not authorized to receive Confidential Information under the terms of this stipulation is present at any deposition in this

action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such Confidential Information is the subject of questioning.

9. Any Confidential Information submitted to the Court (including documents or materials containing information therefrom), shall be labeled "Confidential", "Attorneys Eyes Only" or "Highly Confidential" as the case may be, and shall be filed under seal and maintained thereunder by the Clerk of the Court, as appropriate.

10. Any document, material or information supplied by a third party may be designated by such third party or by any party to this proceeding under the terms of this stipulation, and such designation by any third party shall have the same force and effect as if made by a party.

11. Nothing in the provisions of this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order.

12. Jurisdiction of this action is to be retained by this Court, after final determination, for purposes of enabling any party to this Stipulated Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Stipulated Protective Order.

13. The attorneys of record for a party who wishes to disclose Confidential

Information to persons other than those identified in paragraph 6 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in paragraph 6 shall be made, pending a ruling by the Court.

14. A party shall not be obligated to challenge the propriety of the designation of information as "Confidential", "Attorneys Eyes Only" or "Highly Confidential" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it or they shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis. Upon receipt of such notice, the party that designated the information shall be required to state the basis for such designation in writing to the other party. If the challenge cannot be expeditiously and informally resolved, the party seeking disclosure may, on reasonable notice, apply for an appropriate ruling from the Court. The information and/or documents at issue shall continue to be treated as designated until the Court orders otherwise. The party designating information as protected will, when its designation is challenged, bear the ultimate burden of proving that the information should be protected.

15. At the conclusion of this action, each party shall promptly return to counsel for the producing party, or non-party producing documents or information pursuant to paragraph 10 hereof, all copies and originals of all documents, material or other Confidential Information or, at the option of the producing party or non-party, shall destroy such material (by shredding or other form of mutilation) and shall certify in writing that all documents, material

and information have been destroyed. This action is deemed concluded only after a final order is entered and either all appellate proceedings have been resolved or the time for filing an appeal has passed without filing of any appeal.

16. Notwithstanding the provisions of this Stipulated Protective Order, the production of any documents or information prior to the service of formal written discovery requests shall not be deemed a waiver of any party's right to withhold and/or object to the disclosure of such documents or information during discovery or at trial. A party receiving any documents or information pursuant to this protective order other than in response to formal written discovery requests or by voluntary disclosure in the action shall not use such documents or information for any purpose in the litigation or otherwise.

Dated: New York, New York
       June 24, 2008

| | |
|---|---|
| CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD. <br> 1635 Market Street, 11th Floor <br> Philadelphia, PA 19103 <br> (215) 567-2010 | DAVIS WRIGHT TREMAINE, LLP <br> 1633 Broadway <br> New York, New York 10019 <br> (212) 489-8230 |
| Attorneys for Plaintiff | Attorneys for Defendants |
| By: /s/ Manny Pokotilow <br> William J. Castillo (WC 6786) <br> Manny D. Pokotilow (PA Atty ID 13310) | By: /s/ Marcia Paul <br> Marcia B. Paul (MP 8427) <br> Bryan M. Tallevi (BT 5273) |

SO ORDERED:

/s/ Robert W. Sweet
Hon. Robert W. Sweet, U.S.D.J.
Date: 7-1-08

## EXHIBIT A

### CERTIFICATION REGARDING CONFIDENTIALITY

I hereby acknowledge that I, _____, _____,
                              [name]              [position of employment]
am about to receive designated CONFIDENTIAL INFORMATION supplied by

_____. I certify my understanding that such materials are to be provided to me
[name of disclosing party]
pursuant to the terms and restrictions of the Stipulated Protective Order in <u>Stephen Michael Harris v. Simon & Schuster, Inc., The McGraw-Hill Companies, Inc.</u> pending in the Southern District of New York, Index No. 08 CV 3477 (S.D.N.Y.), and that I have been given a copy of, and have read, said Stipulated Protective Order and agreed to be bound by the terms thereof. I understand that the CONFIDENTIAL INFORMATION, and any copies, summaries, abstracts, notes or other records I may make of or regarding such materials shall not be disclosed to or discussed with others, except in accordance with the terms of the Stipulated Protective Order. I further understand that such materials shall be used only in the prosecution or defense of the above-referenced case, and shall not be used for any other purpose whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____