UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
STEVEN MICHAEL HARRIS,           )   08 Civ. 3477 (RWS)
                                 )
         Plaintiff,            )
                                 )   **ANSWER OF DEFENDANT**
    - against -                   )   **SIMON & SCHUSTER, INC.**
                                 )
SIMON & SCHUSTER, INC., and THE  )
McGRAW-HILL COMPANIES, INC.,     )
                                 )
         Defendants.           )
------------------------------------------------------------- x

    Defendant Simon & Schuster, Inc. ("S&S") as and for its answer to the complaint of plaintiff Steven Michael Harris ("Harris") dated April 8, 2008, alleges as follows:

    1.    To the extent the allegations of paragraph 1 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

    2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the complaint.

    3.    Admits the allegations of paragraph 3 of the complaint.

    4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the complaint.

    5.    To the extent the allegations of paragraph 5 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

    6.    To the extent the allegations of paragraph 6 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## **NATURE OF THE ACTION**

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the complaint, except admits that Harris, as author, entered a publishing agreement with Atheneum, S&S's predecessor-in-interest, to publish a book entitled "This is My Trunk", which book was illustrated by Norma Welliver ("Welliver") pursuant to a separate publishing agreement between Welliver and Atheneum.

9. To the extent the allegations of paragraph 9 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity of the said allegations, except admits that each of Harris and Welliver represented and warranted in their respective publishing agreements, that the text and artwork respectively, were original.

10. To the extent the allegations of paragraph 10 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation of paragraph 10, except admits that Atheneum registered the copyright in the Subject Work in the names of Harris and Welliver with the United States Copyright Office and obtained Certificate of Registration No. TX1647686.

11. Denies each and every allegation of paragraph 11 of the complaint, except admits, upon information and belief, that Welliver entered an agreement with Harris titled "Copyright Assignment" on or about March 17, 2008 and refers to that agreement for a full and complete recitation of the terms thereof.

12. Admits the allegations of paragraph 12 of the complaint, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

13. Denies each and every allegation of paragraph 13 of the complaint, except admits that the Agreement granted certain rights to Atheneum, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

14. Denies each and every allegation of paragraph 14 of the complaint, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

15. Denies each and every allegation of paragraph 15 of the complaint, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

16. Denies each and every allegation of paragraph 16 of the complaint, except admits that the Work was first published sometime in 1985.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the complaint.

18. Denies each and every allegation of paragraph 18 of the complaint, except admits that Harris signed an amendment to the Agreement and refers to said amendment and Agreement referenced therein for a full and complete recitation of the terms thereof.

19. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the complaint.

20. Denies each and every allegation of paragraph 20 of the complaint, except admits, upon information and belief, that the subject work was out of inventory as of sometime in 1992.

21. To the extent allegations of paragraph 21 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

22. Denies, upon information and belief, each and every allegation of paragraph 22 of the complaint.

23. To the extent the allegations of paragraph 23 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except admits that Maxwell Communications Corporation and Macmillan, Inc. filed voluntary petitions under Chapter 11 of the Bankruptcy Act.

24. Denies each and every allegation of paragraph 24 of the complaint, except denies knowledge or information sufficient to form a belief as to Harris's alleged actions, including his interest in pursuing publishing opportunities with regard to the Subject Work.

25. Denies each and every allegation of paragraph 25 of the complaint, except admits that it entered into licenses with McGraw-Hill with respect to the Subject Work and refers to those licenses for a full and complete recitation of the terms thereof.

26. Denies each and every allegation of paragraph 26 of the complaint.

27. Denies each and every allegation of paragraph 27 of the complaint.

28. Admits, upon information and belief, the allegations of paragraph 28 of the complaint.

29. Admits, upon information and belief, the allegations of paragraph 29 of the complaint.

30. Denies each and every allegation of paragraph 30 of the complaint.

31. Denies each and every allegation of paragraph 31 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the complaint.

33. To the extent the allegations of paragraph 33 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

34. To the extent the allegations of paragraph 34 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

35. Denies each and every allegation of paragraph 35 of the complaint.

36. Denies each and every allegation of paragraph 36 of the complaint.

37. Denies each and every allegation of paragraph 37 of the complaint.

38. Admits the allegations of paragraph 38 of the complaint.

39. Denies each and every allegation of paragraph 39 of the complaint, except affirmatively states that the passage from the Work was reprinted in the tests.

40. Denies each and every allegation of paragraph 40 of the complaint.

41. Admits the allegations of paragraph 41 of the complaint.

42. To the extent the allegations of paragraph 42 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

43. Admits the allegations of paragraph 43 of the complaint.

44. Denies each and every allegation of paragraph 44 of the complaint, except refers to the copyright application for a complete recitation of the contents thereof.

45. Denies each and every allegation of paragraph 45 of the complaint, except denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning what allegedly transpired on April 25 and 26, 2007 and the attendant circumstances,

motivations, and reactions.

46. Denies each and every allegation of paragraph 46 of the complaint, except admits that Harris telephoned Simon & Schuster and spoke with Fuller.

47. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of the complaint, except denies any "misuse" of the Subject Work.

48. Denies each and every allegation of paragraph 48 of the complaint, except admits that Harris contacted the legal department of S&S, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 concerning defendant McGraw-Hill.

49. To the extent the allegations of paragraph 49 of the complaint are allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except admits that S&S confirmed that it had granted permission to McGraw-Hill to use the subject work, and informed Harris that he had not received royalty statements because S&S had a Vermont address for him that was no longer valid.

50. Denies each and every allegation of paragraph 50 of the complaint, except admits McGraw-Hill continued to exercise its rights under the licenses from S&S.

51. To the extent the allegations of paragraph 51 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT

52. To the extent the allegations of paragraph 52 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the

said paragraph are deemed to be allegations of fact, denies each and every allegation thereof and repeats and realleges its responses to paragraphs 1 through and including 51 set forth hereinabove, as if the same were fully set forth herein.

53. To the extent the allegations of paragraph 53 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

54. Denies each and every allegation of paragraph 54 of the complaint.

55. To the extent the allegations of paragraph 55 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

56. Denies each and every allegation of paragraph 56 of the complaint.

## COUNT II – DIRECT COPYRIGHT INFRINGEMENT

57. To the extent the allegations of paragraph 57 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof and repeats and realleges its responses to paragraphs 1 through and including 56 set forth hereinabove, as if the same were fully set forth herein.

58. [OMITTED IN COMPLAINT]

59. To the extent the allegations of paragraph 59 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

60. Denies each and every allegation of paragraph 60 of the complaint.

61. To the extent the allegations of paragraph 61 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the

said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

62.     Denies each and every allegation of paragraph 62 of the complaint.

## COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT

63.     To the extent the allegations of paragraph 63 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof and repeats and realleges its responses to paragraphs 1 through and including 62 set forth hereinabove, as if the same were fully set forth herein.

64.     To the extent the allegations of paragraph 64 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

65.     To the extent the allegations of paragraph 65 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

66.     To the extent the allegations of paragraph 66 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

67.     To the extent the allegations of paragraph 67 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

68.     To the extent the allegations of paragraph 68 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

69.     To the extent the allegations of paragraph 69 of the complaint are deemed to be

allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70.     The complaint fails in whole or in part, to state a claim for relief.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71.     This Court lacks subject matter jurisdiction over plaintiff's claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims are barred by the express language of the publishing agreements between Harris and Welliver, on the one hand, and Atheneum on the other hand.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74.     Defendant's use of the Subject Work constitutes a non-actionable fair use.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75.     To the extent defendant infringed any of plaintiff's rights in the Subject Work, such infringement was wholly innocent.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77.     If and to the extent plaintiff has sustained any injury or damages by reason of the actions complained of, said injury or damage was caused, in whole or in part, by plaintiff's own actions and/or inactions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. To the extent plaintiff alleges fraud or fraudulent concealment, he has failed to plead those elements with the requisite particularity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

80. The bankruptcy clause of Agreements (¶ 18) is void and unenforceable.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

81. Defendant S&S had license and authority from Harris and Welliver to grant the licenses to defendant McGraw-Hill, and said license and authority is a complete defense to plaintiff's claims.

Dated: New York, New York
August 15, 2008

DAVIS WRIGHT TREMAINE, LLP

By: /s/ Marcia B. Paul
Marcia B. Paul (MP 8427)
Bryan M. Tallevi (BT 5273)

1633 Broadway
New York, New York 10019
(212) 489-8230
*Attorneys for Defendants*