UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

STEVEN MICHAEL HARRIS,                )    08 Civ. 3477 (RWS)
                                      )
           Plaintiff,               )
                                      )
      - against -                    )    **ANSWER OF DEFENDANT**
                                      )    **THE McGRAW-HILL**
SIMON & SCHUSTER, INC., and THE       )    **COMPANIES INC.**
McGRAW-HILL COMPANIES, INC.,          )
                                      )
           Defendants.              )

------------------------------------------------------------- x

      Defendant CTB/McGraw-Hill LLC, sued herein as The McGraw-Hill Companies, Inc. ("CTB") as and for its Answer to the complaint of plaintiff Steven Michael Harris ("Harris"), dated April 8, 2008, alleges as follows:

      1.    To the extent the allegations of paragraph 1 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

      2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the complaint.

      4.    Denies each and every allegation of paragraph 4 of the complaint, except admits that The McGraw-Hill Companies, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 1221 Avenue of the Americas, New York, NY 10020, and affirmatively states that CTB/McGraw-Hill Companies, Inc. is a limited liability company organized and existing under the laws of the State of Delaware which publishes and distributes certain standardized achievement tests.

5. To the extent the allegations of paragraph 5 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

6. To the extent the allegations of paragraph 6 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## NATURE OF THE ACTION

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the complaint.

9. To the extent the allegations of paragraph 9 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the complaint.

10. To the extent the allegations of paragraph 10 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the complaint and refers to the registration on file with the Copyright Office for a full and complete recitation of the contents thereof.

11. Denies each and every allegation of paragraph 11 of the complaint, except admits, upon information and belief, that Welliver entered an agreement with Harris titled "Copyright Assignment" on or about March 17, 2008 and refers to that agreement for a full and complete

recitation of the terms thereof.

12. Admits, upon information and belief, the allegations of paragraph 12 of the complaint, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

13. Denies each and every allegation of paragraph 13 of the complaint, except admits that the Agreement granted certain subsidiary rights to Atheneum, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

14. Denies each and every allegation of paragraph 14 of the complaint, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

15. Denies each and every allegation of paragraph 15 of the complaint, and refers to the agreement referenced therein for a full and complete recitation of the terms thereof.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the complaint

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the complaint.

21. To the extent the allegations of paragraph 21 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the

said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the complaint.

23. To the extent the allegations of paragraph 23 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except admits that Maxwell Communications Corporation and Macmillan, Inc. filed voluntary petitions under Chapter 11 of the Bankruptcy Act.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the complaint.

25. Denies each and every allegation of paragraph 25 of the complaint, except admits that CTB entered into licenses with defendant Simon & Schuster Inc. ("S&S") with respect to the Subject Work and refers to those licenses for a full and complete recitation of the terms thereof.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 30 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 of the complaint.

32. Admits the allegations of paragraph 32 of the complaint, except affirmatively states that CTB is the proper party with respect to these allegations, and refers to the regulations of the Copyright Office for a full and complete recitation of the procedures therein.

33. To the extent the allegations of paragraph 33 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

34. To the extent the allegations of paragraph 34 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

35. Denies each and every allegation of paragraph 35 of the complaint.

36. Denies each and every allegation of paragraph 36 of the complaint.

37. Denies each and every allegation of paragraph 37 of the complaint.

38. Admits the allegations of paragraph 38 of the complaint.

39. Denies each and every allegation of paragraph 39 of the complaint, except affirmatively states that the passage from the work was reprinted in the tests.

40. Denies each and every allegation of paragraph 40 of the complaint.

41. Admits the allegations of paragraph 41 of the complaint.

42. To the extent the allegations of paragraph 42 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the

said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

43. Admits the allegations of paragraph 43 of the complaint.

44. Denies each and every allegation of paragraph 44 of the complaint, except refers to the copyright application for a complete recitation of the contents thereof.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of the complaint, except denies any "misuse" of the Subject Work.

48. Denies each and every allegation of paragraph 48 of the complaint, except admits that Harris contacted the legal department of The McGraw-Hill Companies, Inc. and requested a copy of the tests using the subject work, which it declined to provide, and that it advised Harris that it had permission to use the Subject Work, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 concerning Harris's alleged communications with defendant S&S.

49. To the extent the allegations of paragraph 49 of the complaint are allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

50. Denies each and every allegation of paragraph 50 of the complaint, except admits that CTB continued to exercise its rights under the licenses from S&S.

51. To the extent the allegations of paragraph 51 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

### COUNT I – DIRECT COPYRIGHT INFRINGEMENT

52. To the extent the allegations of paragraph 52 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof and repeats and realleges its responses to paragraphs 1 through and including 51 set forth hereinabove, as if the same were fully set forth herein.

53. To the extent the allegations of paragraph 53 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

54. Denies each and every allegation of paragraph 54 of the complaint.

55. To the extent the allegations of paragraph 55 of the complaint are deemed to be allegations of law, Defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

56. Denies each and every allegation of paragraph 56 of the complaint.

### COUNT II – DIRECT COPYRIGHT INFRINGEMENT

57. To the extent the allegations of paragraph 57 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof and repeats and realleges its responses to paragraphs 1 through and including 56 set forth hereinabove, as if the same were fully set forth herein.

58. [OMITTED IN COMPLAINT.]

59. To the extent the allegations of paragraph 59 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

60. Denies each and every allegation of paragraph 60 of the complaint.

61. To the extent the allegations of paragraph 61 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

62. Denies each and every allegation of paragraph 62 of the complaint.

## COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT

63. To the extent the allegations of paragraph 63 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof and repeats and realleges its responses to paragraphs 1 through and including 62 set forth hereinabove, as if the same were fully set forth herein.

64. To the extent the allegations of paragraph 64 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

65. To the extent the allegations of paragraph 65 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

66. To the extent the allegations of paragraph 66 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

67. To the extent the allegations of paragraph 67 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

68. To the extent the allegations of paragraph 68 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

69. To the extent the allegations of paragraph 69 of the complaint are deemed to be allegations of law, defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies knowledge or information sufficient to form a belief as to the truth or falsity thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. The complaint fails in whole or in part, to state a claim for relief.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. This Court lacks subject matter jurisdiction over plaintiff's claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred by the express language of the publishing agreement between Harris and Welliver, on the one hand, and Atheneum on the other hand.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. Defendant's use of the Subject Work constitutes a non-actionable fair use.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. To the extent defendant infringed any of plaintiff's rights in the Subject Work, such infringement was wholly innocent.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. If and to the extent plaintiff has sustained any injury or damages by reason of the actions complained of, said injury or damage was caused, in whole or in part, by plaintiff's own actions and/or inactions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. To the extent plaintiff alleges fraud or fraudulent concealment, he has failed to plead those elements with the requisite particularity.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

80. The bankruptcy clause of Agreements (¶ 18) is void and unenforceable.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

81. Defendant S&S had license and authority from Harris and Welliver to grant the licenses to CTB, and said license and authority is a complete defense to plaintiff's claims.

Dated: New York, New York
      August 15, 2008

                              DAVIS WRIGHT TREMAINE, LLP

                              By: *[signature]*
                                 Marcia B. Paul (MP 8427)
                                 Bryan M. Tallevi (BT 5273)

                                 1633 Broadway
                                 New York, New York 10019
                                 (212) 489-8230
                                 *Attorneys for Defendants*